UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CITY OF BATON ROUGE/<br>PARISH OF EAST BATON ROUGE<br>DEPARTMENT OF FINANCE, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-94-SDD-SDJ** |
| **CENTROPLEX CENTRE<br>CONVENTION HOTEL, LLC** | |

### ORDER

Before the Court is a Motion to Quash and/or for Protective Order (R. Doc. 18) filed by non-party Catfish Queen, LLC, on November 28, 2022. According to the record, Plaintiff served Catfish Queen with two Rule 45 subpoenas—a Subpoena to Produce Documents (R. Doc. 18-3) and a Subpoena to Testify at a Rule 30(b)(6) Deposition (R. Doc. 18-4)—on November 17, 2022. (R. Doc. 23) (Proof of Service). Both subpoenas commanded Catfish Queen to comply on November 29, 2022—the day before the November 30, 2022 discovery deadline. (R. Doc. 7).[1]

Following service, Catfish Queen timely filed the instant Motion to Quash and/or for Protective Order (R. Doc. 18). First, Catfish Queen suggests both subpoenas must be quashed because neither allows a reasonable time for response, especially considering the amount of documents requested and the number of corporate deposition topics. (R. Doc. 18 at 1-2) (arguing subpoenas command Catfish Queen to produce an "extremely overbroad scope of documents" and "witnesses to testify on 9 overbroad [corporate] [deposition] topics"). Catfish Queen also suggests

---

[1] The parties to this litigation have jointly filed a Motion to Continue the discovery deadline, citing the issues raised in the instant Motion to Quash, among other things, as good cause granting them additional time to complete discovery. (R. Doc. 17).

that service of the Subpoena to Testify (R. Doc. 18-4) was improper because "it did not simultaneously receive the witness fee and estimated mileage" as required by Rule 45(b)(1). Beyond these procedural defects, Catfish Queen alternatively seeks an order protecting it from responding to third-party discovery requests that it describes as "objectionable as written." (R. Doc. 18 at 2). At the very least, Catfish Queen argues that because the requested documents and testimony "contain sensitive financial data, proprietary information, and trade secrets," they should not be provided absent a protective order. (R. Doc. 18 at 2). Because the Court finds the subpoenas at issue must both be quashed on procedural grounds, it does not reach Catfish Queen's alternative arguments.

### A. Subpoenas Fail to Allow a Reasonable Time to Comply

The subpoenas at issue "must" be quashed under Rule 45(d)(3)(A)(i), as they do not allow a reasonable time to comply. The subpoenas were allegedly served on November 17, 2022 (R. Doc. 23), and commanded compliance on November 29, 2022, giving Catfish Queen just 12 days to both produce documents and prepare corporate representatives for a Rule 30(b)(6) deposition. But generally, a minimum of 14 days is considered reasonable. *See Nguyen v. Louisiana Board of Cosmetology*, 2016 WL 320152, at *2 (M.D. La. Jan. 26, 2016) (while it depends on the circumstances, generally at least 14 days is required; here, subpoenas that required compliance within 8 days and 16 days were both unreasonable given the amount of documents being sought); *Hall v. Louisiana*, 2014 WL 1652791, at *13 (M.D. La. April 23, 2014) (quashing subpoenas that gave non-parties between 12 and 9 days to comply because the "timeframes are clearly unreasonable, particularly when the 14 day period for serving objections under [Rule 45(d)(2)(B)] is generally considered a reasonable time). That minimum time—14 days—was not afforded here.

Compounding this failure, Catfish Queen not only had to produce documents in that short amount of time, but also designate and prepare one or more corporate witnesses for a Rule 30(b)(6) deposition—a burden that is often "taxing." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000) (describing "the burdens imposed by Rule 30(b)(6) [] as taxing"); *Thomas & Betts Corp. v. New Albertson's, Inc.*, 2013 WL 11331377, at *3 (D. Mass. July 11, 2013) ("The duty to prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee . . . . If necessary, the deponent must use documents, past employees, and other resources in performing the required preparation. . . . [A]dequately preparing a Rule 30(b)(6) deposition can be burdensome."); *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 540 (D. Nev. 2008) ("Several courts have recognized that preparing a Rule 30(b)(6) designee may be an onerous task."); *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012) (Corporation "must prepare its designees by having them review available materials, such as . . . deposition testimony, exhibits . . . documents . . . materials in former employees' files and, if necessary, interviews of former employees or others with knowledge. . . Preparing a Rule 30(b)(6) designee may be an onerous and burdensome task . . . .") *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 37 (D. Mass. 2001) ("Even if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed" on the corporation's behalf.).

And finally, the 12 days that were provided for Catfish Queen to comply with the subpoenas fell over the Thanksgiving holiday. *See Thomas v. IEM, Inc.*, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008) (15 days inadequate given the amount of information requested and fact that Christmas and New Year's fell within those 15 days); *Dixon v. Greyhound*, 2014 WL 6474355, at *4 (M.D. La. Nov. 19, 2014) ("Plaintiff unreasonably gave Dr. Warner only 9 days to comply.

This unreasonableness is compounded by the fact that Labor Day Weekend accounted for 3 of those 9 days."). Most businesses and entities, the Middle District of Louisiana included, close for both Thanksgiving and the following Friday. And so, the real time for compliance was even less than 12 days.

For all the reasons mentioned above, the Court finds that it "must quash"[2] the subpoenas served on Catfish Queen as they "fail[ed] to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i).

B.    **Failure to Tender Witness Fees and Mileage**

When serving Catfish Queen with the Rule 45 Subpoena to provide testimony at a Rule 30(b)(6) deposition, Plaintiff additionally failed to tender the required witness fees at the time of service. "The conjunctive form of [Rule 45] indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance." *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003). "Failure to simultaneously tender witness fees invalidates the service." *Porter v. Dauthier*, 2014 WL 6674474, at *3 (M.D. La. Nov. 25, 2014)); *Johnson v. Holliday*, 2017 WL 11708362, at *2 (M.D. La. Feb. 22, 2017) ("the underlying subpoena is invalid in light of Plaintiff's failure to pay the required attendance and mileage fees."); *Kador v. City of New Roads*, 2010 WL 3418265, at *1 (M.D. La. Aug. 26, 2010)

---

[2] Rule 45(d)(3)(A)(i) provides that a court "must" either "quash or modify a subpoena that fails to allow a reasonable time to comply." Here, the Court finds it appropriate to quash the current subpoenas as opposed to modifying the time for compliance for several reasons. In large part, Plaintiff's failure to simultaneously tender witness fees and mileage along with the subpoena to provide testimony render service of that subpoena invalid. In other words, Catfish Queen is under no obligation to respond to or comply with that subpoena. And so, modification is not even an option for one of the 2 subpoenas — i.e. the subpoena to provide testimony. Second, Plaintiff waited until the eve of discovery to serve the subpoenas at issue. And so, there was minimal time for Plaintiff and Catfish Queen to confer in good faith and resolve (or at least narrow) their discovery issues without the Court's intervention. In a separate Order, the Court will set a Status Conference to discuss the discovery issues raised in this and another pending discovery-related Motion (R. Docs. 18, 19), as well as the parties' request to extend the discovery deadline (R. Doc. 17). For that reason, the Court finds it most appropriate to quash the instant subpoenas and give the parties involved additional time to confer in good faith and an opportunity to address any issues with the Court during the Conference. While the Court trusts that Plaintiff and Catfish Queen will make every effort to resolve these issues, if any remain, they should at least be narrowed.

("A failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena, and a non-party deponent is not required to attend the deposition set forth in that subpoena."). The Court agrees with Catfish Queen and finds the subpoena commanding it to produce a Rule 30(b)(6) deponent must also be quashed because Plaintiff failed to simultaneously tender witness fees and mileage.

### C. Conclusion

For the reasons given above, Catfish Queen's Motion to Quash or for Protective Order (R. Doc. 18) is **GRANTED** and the Rule 45 subpoenas issued by Plaintiff are both **QUASHED**. To be clear, Catfish Queen is under **no obligation** to **respond** to or otherwise **comply** with either the Subpoena to Produce Documents (R. Doc. 18-3) or the Subpoena to Testify at a Rule 30(b)(6) Deposition (R. Doc. 18-4).

In a separate Order, the Court will set a Status Conference, during which any substantive issues and objections raised by Catfish Queen in seeking a protective order may be addressed with the Court. In the meantime, Plaintiff should confer in good faith with Catfish Queen, making every effort to resolve the substantive issues and objections raised in its Motion (R. Doc. 18) without the need for Court intervention.

Signed in Baton Rouge, Louisiana, on December 14, 2022.

*Scott Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**