## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE DEPARTMENT OF FINANCE, et al.**      **CIVIL ACTION**

**VERSUS**     **NO. 22-94-SDD-SDJ**

**CENTROPLEX CENTRE CONVENTION HOTEL, LLC**

---

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 11, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**CITY OF BATON ROUGE,**                        **CIVIL ACTION**
**PARISH OF EAST BATON**
**ROUGE DEPARTMENT OF**
**FINANCE, et al.**

**VERSUS**                                                **NO. 22-94-SDD-SDJ**

**CENTROPLEX CENTRE**
**CONVENTION HOTEL, LLC**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 10) filed by the City of Baton Rouge through its Department of Finance and the Department's authorized Director Linda Hunt. Defendant, Centroplex Centre Convention Hotel, LLC, filed an Opposition (R. Doc. 13). After obtaining leave of Court, Plaintiff filed a Reply (R. Doc. 16). Defendant removed this case based on diversity jurisdiction, 28 U.S.C. § 1332, the requirements of which appear to be met. But as explained below, comity concerns counsel against the exercise of federal jurisdiction in this case. For this reason, the Court recommends that Plaintiff's Motion to Remand (R. Doc. 10) be granted.

**I.    BACKGROUND**

This case arises out of a tax dispute between Plaintiff, the "collector of sales and use taxes levied by local taxing authorities within East Baton Rouge Parish," and Defendant, the "entity which owned [or] operated the Centroplex Centre Convention Hotel in East Baton Rouge – the Belle of Baton Rouge Casino and Hotel." (R. Doc. 10-1 at 1, 2). Plaintiff filed a Petition for Declaratory Judgment and to Recover Taxes in state court on December 30, 2021 (R. Doc. 1-2), alleging Defendant has failed to "remit applicable [EBR] sales and occupancy taxes on

complimentary hotel rooms" since January 1, 2016. (R. Doc. 10-1 at 2); (R. Doc. 1-2 at 2, 7, 8, 10) (alleging Plaintiff is "entitled to a declaration" that Defendant "was and remains required to . . . pay all [EBRP] sales taxes on all 'complimentary' rooms" and owe at least $1,912,056.43 in unpaid taxes, interest and penalties).

In response, Defendant denies owing any taxes on complimentary hotel rooms. (R. Doc. 5). It also claims that Plaintiff violated its rights to procedural due process by failing to notify Defendant of the amount of taxes allegedly due and not allowing Defendant the "opportunity to . . . administratively challenge" the amount or otherwise "proceed before the Louisiana Board of Tax Appeals" before filing suit. (R. Doc. 5 at 13).

In its Notice of Removal, Defendant argues that, because the Tax Injunction Act, 28 U.S.C. § 1341, does not preclude jurisdiction that otherwise exists under 28 U.S.C. § 1332(a) (complete diversity), removal is proper. (R. Doc. 1 at 3-4). Indeed, there is no dispute that both the citizenship and amount in controversy requirements of diversity jurisdiction are met. (R. Doc. 10-1 at 3-4); (R. Doc. 13 at 4-5). The Complaint specifically pleads over $1,912,056.43 in relief (R. Doc. 1-2 at 10), and Plaintiff is a citizen of Louisiana,[1] while Defendant is a citizen of Delaware and Nevada. (R. Doc. 1 at 4). Following removal, Plaintiff filed the instant Motion to Remand. (R. Doc. 10). Despite the existence of diversity jurisdiction, Plaintiff suggests "the doctrine of comity in the context of state court suits to enforce a local tax" compels the Court to "exercise its discretion to decline jurisdiction." (R. Doc. 10-1 at 4).

## II.   LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). The removal

---

[1] *See Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("a political subdivision of a State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes").

statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving subject matter jurisdiction. *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

> A.   **Tax Injunction Act Does Not Bar Removal**

The Tax Injunction Act prevents federal district courts from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *see also Halstead Bead, Inc. v. Lewis*, 604 F. Supp. 3d 342, 354 (E.D. La. 2022) ("The TIA divests federal district courts of jurisdiction over cases that seek to restrain the collection of state or local taxes when state law provides an adequate remedy.").

The present litigation is not an action by Plaintiff to "stop ('enjoin, suspend or restrain') the collection of taxes." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 433 (1999); *see also Louisiana Land & Exploration Co. v. Pilot Petroleum Corp.*, 900 F.2d 816, 818 (5th Cir. 1990) ("The Tax Injunction Act does not bar federal court jurisdiction [of] [a] suit . . . to collect a state tax."). And so, both sides seem to agree that the Tax Injunction Act does not bar jurisdiction. (R. Doc. 10-1 at 4) (TIA "may not bar removal"); (R. Doc. 13 at 5) ("a suit like this one *by a tax collector to collect a tax* is surely not brought to restrain state action").

But principles of "federalism and comity require[] federal abstention in certain tax cases beyond the ambit of the Tax Injunction Act." *Normand v. Cox Commn's, LLC*, 848 F. Supp. 2d 619, 623 (E.D. La. 2012).

### B.     Doctrine of Comity Compels Abstention

The "notion of comity" concerns "a proper respect for state functions" and is a "continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 112 (1981). With this notion in mind, the Supreme Court in *Levin*, a state taxation case, held:

> More embracive than the [Tax Injunction Act], the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration.

*Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 417 (2010). In *Levin*, the Court's reasoning was clear — because states "chiefly rely" on "taxation . . . to carry on their respective governments," federal district courts should interfere "as little as possible." *Levin*, 560 U.S. at 421-22.

*Levin* involved a suit by natural gas marketers against the Ohio state tax commissioner, challenging the constitutionality of three exemptions offered only to their competitors. And while the Tax Injunction Act did not bar suit in federal court, the Supreme Court found the doctrine of comity more expansive. Comity's "constraint ha[d] particular force" in a case like *Levin*, where the "lower federal courts are asked to pass on the constitutionality of state taxation of commercial activity." *Id.* at 421.

Defendant's Opposition to the Motion to Remand (R. Doc. 13) is largely focused on distinguishing *Levin* and precluding application of the comity doctrine. According to Defendant, *Levin* does not apply because this is an ordinary proceeding[2] brought by the tax collector.

---

[2] Defendant places great significance on this being an ordinary proceeding (R. Doc. 13 at 3, 4, 5, 6, 10). It stresses that Louisiana law allows the collector to pursue, among other options, an "[o]rdinary suit . . . before . . . any court of competent jurisdiction" to enforce the collection of taxes. La. Rev. Stat. § 47:337.45(A)(3) (providing multiple alternative ways the tax collection "may, in his discretion, proceed").

The state legislature, Defendant insists, "could have certainly required that any ordinary proceeding be maintained in state district court, [but] it instead specifically granted the ability to adjudicate upon *any court of competent*

Defendant insists this is neither a claim to enjoin the collection of taxes nor a constitutional challenge to the state's tax laws that would favor abstention.

But as explained below, any factual differences between this case and *Levin* are not so dispositive. *Levin* went beyond its exact fact pattern, delineating certain factors that, when applied, compel abstention in this litigation. *See Normand v. Cox Commc'ns, LLC*, 848 F. Supp. 2d 619, 625 (E.D. La. 2012) ("Indeed, while the Supreme Court did not clearly define the contours of the comity doctrine in *Levin*, it delineated several factors that compel federal abstention here.").

Recognizing "the federal reluctance to interfere with state taxation," *Levin* instructed lower courts that comity may compel abstention in cases where:

> (1) the [court is asked to review] matters over which the state enjoys wide regulatory latitude; (2) the claimed constitutional violation does not require heightened judicial scrutiny; (3) the [party asserting jurisdiction] seek[s] aid in the federal court to improve their competitive position; (4) the state court is more familiar with state legislative preferences; and (5) the federal court's remedial options are constrained.

*Normand v. Cox Commc'ns, LLC*, 848 F. Supp. 2d 619, 625 (E.D. La. 2012); *Levin*, 560 U.S. at 431-32.

**State enjoys wide regulatory latitude.** By asking this Court to decide the applicability of certain sales tax to its complimentary hotel rooms, Defendant indeed "seek[s] federal-court review of commercial matters over which [Louisiana] enjoys wide regulatory latitude." *Levin*, 560 U.S at

---

*jurisdiction*." (R. Doc. 13 at 6). And because "[n]othing in the statutory scheme requires a state court to make [the] decision," Defendant argues federal jurisdiction is not precluded, and we should therefore refrain from abstention. (R. Doc. 13 at 6).

But the state legislature's failure to expressly preclude federal jurisdiction in ordinary tax suits is not significant. Indeed, state legislatures "have no power directly to enlarge or contract federal jurisdiction." *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 789 (9th Cir. 2009); *Marshall v. Marshall*, 547 U.S. 293, 314 (2006) ("the jurisdiction of the federal courts, having existed from the beginning of the Federal government, cannot be impaired by subsequent state legislation."); *Donovan v. City of Dallas*, 377 U.S. 408, 412-13 (1964) ("the old and well-established judicially declared rule that state courts are completely without power to restrain federal-court proceedings in in personam actions"). And so, this argument does nothing to move the ball.

431; *see also Normand*, 848 F. Supp. 2d at 620, 625 (first factor weighed in favor of abstention where defendants sought court's review of the application of state's sales tax to its video programming services); *City of Fishers v. Netflix, Inc.*, 501 F. Supp. 3d 653, 660 (S.D. Ind. 2020) (comity required abstention in removed suit by local taxing authority to collect taxes allegedly owed by defendants; "Defendants seek federal-court intervention over matters over which the State of Indiana and its municipalities have traditionally enjoyed wide regulatory latitude — specifically, utility regulation and state revenue.").

**Constitutional challenge.** Defendant insists repeatedly that this *Levin* factor does not compel abstention because it has not asserted any constitutional challenge, let alone one similar to the challenge made in either *Levin*, 560 U.S. at 418, or *Normand v. Cox Communications*, 848 F. Supp. 2d 619 (E.D. La. 2012), the case on which Plaintiff relies. But the Court does not agree.

In *Levin*, natural gas marketers brought suit to challenge the constitutionality of three tax exemptions offered to their competitors by the Ohio state tax commissioner. *See Levin*, 560 U.S. at 418 ("Ohio treats LDCs and IMs differently for tax purposes."). Given the constitutional challenge to the state's enforcement of its tax scheme as allegedly unequal, the Court found that "[c]omity's constraint ha[d] particular force." *Levin*, 560 U.S. at 421.

In *Normand*, the defendant responded to the parish tax collector's suit by "argu[ing] that the Parish violated its procedural due process rights by denying it a protest hearing." *Normand*, 848 F. Supp. 2d at 623. Despite this, while later opposing remand, the defendant "insist[ed] inconsistently that it ha[d] *not* alleged" a constitutional violation like the one in *Levin*. *Id.* at 624. But the court rejected defendant's "attempts to distinguish its constitutional challenge" from *Levin*, explaining:

> If this Court were to exercise jurisdiction and find a due process violation, as Cox urges, it would encroach upon the province of the state legislature by invalidating

the remedial scheme it chose. For Cox to win its due process claim would require not a simple exercise of statutory interpretation, but rather, an injunction against enforcement of a statutory provision based upon the Constitution's due process dictates. This is indeed an example of the federal overreach that the *Levin* Court feared.

*Normand*, 848 F. Supp. 2d at 624.

Here, Defendant's Answer clearly alleges that "Plaintiffs were required to pursue the process and allow the remedies set forth in their Notice of Examination but failed to do so, and failed to advise of any alleged amount due or allow Defendant an opportunity to [be heard] prior to Plaintiffs filing suit." (R. Doc. 5 at 13); (R. Doc. 5 at 7) ("Plaintiff(s) failed to follow through on the clear statements in the Notification of Examination that an assessment would be issued and certain administrative rights to challenge same would be allowed. None of that process occurred."). Because of these alleged failures, Defendant has asserted several affirmative defenses, some of which claim:

> Plaintiffs' claims are deficient to the extent they deprived [Defendant] the opportunity to proceed before the Louisiana Board of Tax Appeals . . . .
>
> Plaintiffs' claims are barred to the extent they violate due process or the uniformity clause . . . .

(R. Doc. 5 at 13). Like the defendant in *Normand*,[3] Defendant is clearly asserting a constitutional deprivation[4] — its right to procedural due process — that allegedly acts as a bar to Plaintiff's cause

---

[3] Defendant argues the constitutional deprivation in *Norman* is not comparable because the *Normand* defendant clearly "raised a procedural due process" violation in a "counterclaim." (R. Doc. 13 at 9). But this is not correct. The Court has reviewed the docket in *Normand*. A counterclaim was never filed. Instead, the defendant asserted a procedural due process deprivation in its answer, just like Defendant has done here. *See* Answer at 7, *Normand v. Cox Communications, LLC*, No. 11-cv-2476-SSV-DEK (E.D. La. filed Oct. 27, 2011), ECF No. 12.

[4] Its Opposition goes even further, suggesting the alleged constitutional deprivation also results from Plaintiff's inconsistent application and unequal enforcement of Louisiana's sales tax for members of the gaming industry. (R. Doc. 13 at 7 n.20). *See Levin v. Com. Energy, Inc.*, 560 U.S. 413, 426 (2010) ("When economic legislation does not employ classifications subject to heightened scrutiny or impinge on fundamental rights, courts generally view constitutional challenges with the skepticism due respect for legislative choices demands.").

of action.[5] For Defendant to "win [their] due process claim would require not a simple exercise of statutory interpretation, but rather, an injunction against enforcement of a statutory provision based upon the Constitution's due process dictates." *Normand*, 848 F. Supp. 2d at 624 (comity considerations required abstention under similar circumstances). Indeed, a great deal of potential tax revenue could hinge on this Court's determination of whether the sales and occupancy taxes apply to the complimentary hotel rooms furnished by Defendant. Therefore, a finding for Defendant "on its due process claim would present collateral consequences impacting the state's ability to collect potentially millions more in taxes" on complimentary hotel rooms. *Id.* at 625; (R. Doc. 1-2 at 10) (claiming almost $2 million from Defendant in unpaid taxes on complimentary rooms).

What's more, the claimed constitutional violation "does not involve any fundamental right or classification that attracts heightened judicial scrutiny." *Levin*, 560 U.S. at 431; *see also Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (procedural due process claims not subject to heightened scrutiny). This factor, therefore, strongly weighs in favor of abstention. *See City of Fishers v. Netflix, Inc.*, 501 F. Supp. 3d 653, 660 (S.D. Ind. 2020) (comity required abstention in removed suit by local taxing authority to collect taxes allegedly owed by defendants; "Defendants seek federal-court intervention over matters over which the State of Indiana and its municipalities have traditionally enjoyed wide regulatory latitude — specifically, utility regulation and state

---

[5] Defendant also spends the vast majority of its Opposition arguing that Plaintiff "wholly bypass[ed] . . . all [state] administrative remedies and procedures to which Defendant [was] entitled," (R. Doc. 13 at 1); (R. Doc. 13 at 3-4) ("By doing so Plaintiffs not only deprived Defendant of the benefits of the complete audit process, but also of the ability to seek review by the Board of Tax Appeals."); (R. Doc. 13 at 4) ("All this, of course, after Plaintiffs shirked the very administrative and procedural processes unique to tax collections and instituted by law to ensure a fair adjudication . . ."); (R. Doc. 13 at 7) ("It borders on comical that Plaintiffs raise this issue, after themselves having renounced nearly every procedural representation made in their Notice in favor of filing their collection action . . . thereby depriving Defendant of access to all administrative procedures as well as the Board of Tax Appeals."). The Court must therefore reject Defendant's inconsistent insistence that they "have *not* claimed that Plaintiff violated its procedural due process rights . . . ." (R. Doc. 13 at 7).

revenue. And, this matter is a dispute over commercial regulation and does not involve a party's fundamental rights or a suspect classification requiring heightened judicial scrutiny").

**Improved competitive position in federal court.** The third factor appears to slightly weigh in favor of abstention given Defendant's statements regarding a state court opinion requiring a comparable casino to pay sales and occupancy taxes on complimentary hotel rooms. *See Jazz Casino Company, LLC v. Bridges*, 309 So.3d 741 (La. App. 1 Cir. 2020) (Harrah's had to pay "all taxes levied by the State and the City on the furnishing of sleeping rooms," including complimentary and discounted rooms); (R. Doc. 13 at 12) (insisting that *Jazz Casino* is "not established precedent for the issues in this dispute" and is wholly inapplicable). Given Defendant's statements regarding *Jazz Casino*, this third factor seems to weigh slightly in favor of abstention.[6] *See City of Fishers v. Netflix, Inc.*, 501 F. Supp. 3d 653, 660 (S.D. Ind. 2020) ("Defendants invoke the Court's jurisdiction to improve their competitive position, namely over traditional cable television and landline telephone providers that pay franchise fees under the VSF Act. [Defendants] contend[] that the VSF Act imposes franchise fees—taxes on local cable and wireline telephone companies that dig trenches and run wires on public rights-of-way" and does not impose franchise fees on "online video providers.").

**Familiarity with Louisiana's tax scheme.** There is little doubt that Louisiana's state courts are "more familiar with Louisiana's tax laws and the intent of its legislature in crafting them." *Normandy*, 848 F. Supp. 2d at 625. This factor, therefore, weighs in favor of abstention.

---

[6] But to be sure, even if we rejected Plaintiff's position and found the third factor weighed in Defendant's favor and against abstention, the Court would still reach the same ultimate conclusion to remand. This is because the overall weight of the other *Levin* factors all favor abstention, and the absence of this third factor would not be enough to warrant retaining jurisdiction in this litigation. *See Normand*, 848 F. Supp. 2d at 625 (comity doctrine warranted remand where all but third *Levin* factor weighed in favor of abstention).

**Remedial options.** And finally, because "the TIA stands in the way of any decree that would enjoin collection of a tax under State law," *Levin*, 560 U.S. 429, "a state court has greater latitude to act should it find constitutional infirmity in the procedural provisions of the tax code." *Normand*, 848 F. Supp. 2d at 625. This final factor, therefore, also weighs in favor of abstention and remand. *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 427-28, (2010) ("[W]hen this Court . . . finds a tax measure constitutionally infirm, it has been our practice, for reasons of federal-state comity, to abstain from deciding the remedial effects of such a holding. A State found to have imposed an impermissibly discriminatory tax retains flexibility in responding to this determination. Our remand leaves the interim solution in state-court hands, subject to subsequent definitive disposition by the State's legislature.").

### III. CONCLUSION

Because all of the factors outlined in *Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010) weigh in favor of abstention in this litigation,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 10) be **GRANTED** and that this case be **REMANDED** to the 19th Judicial District Court for all further proceedings.

Signed in Baton Rouge, Louisiana, on September 11, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**